# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAX SHELDON MARGULIS,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>    Defendants.<br>_____/ | Case No. 1:13-cv-02021-SKO<br><br>**ORDER DENYING MOTION TO AMEND THE JUDGMENT**<br><br>(Doc. 25) |

## I.  INTRODUCTION

On July 11, 2014, the Court granted Plaintiff Max Sheldon Margulis' ("Plaintiff") appeal from the administrative decision of the Commissioner of Social Security and entered judgment in favor of Plaintiff, and against Defendant Carolyn W. Colvin, Acting Commissioner of Social Security (the "Commissioner" or "Defendant"). (Doc. 22.) Presently before the Court is the Commissioner's motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), timely filed on March 27, 2015. (Doc. 25.)

## II.  BACKGROUND

Plaintiff filed an application for Supplemental Security Income ("SSI") on September 23, 2010, alleging an onset of disability on March 19, 2010. (Administrative Record ("AR"), at 191-94.) The Commissioner denied the application initially and again on reconsideration (AR 125-35), and Plaintiff sought and was granted a hearing before an administrative law judge ("ALJ"), where Plaintiff testified with the assistance of counsel and argued that he met the requirements of certain

presumptively disabling Listings. (AR 37-70; 168-90.) A Vocational Expert ("VE") also testified at the hearing. (AR 66-69.) The ALJ issued a decision on November 27, 2012, finding Plaintiff was not disabled. (AR 12-24.) In the decision, the ALJ expressly found that Plaintiff's severe impairment of an anxiety disorder did not meet or medically equal a listed impairment. (AR 15.)

Plaintiff requested review of the ALJ's decision in an application to the Appeals Council, alleging that the decision was not based on the substantial medical evidence in the file. (AR 9.) The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. (AR 5-8.) Plaintiff then sought judicial review in this Court pursuant to 42 U.S.C. §§ 405(g), 1383(c). (Doc. 1.)

In his opening brief, Plaintiff argued that the ALJ failed to articulate specific and legitimate reasons for rejecting the medical opinion of his treating physician, Dr. Matt House, D.O., in determining Plaintiff's residual functional capacity ("RFC"). (Doc. 14, p. 11-16.) Specifically, Plaintiff alleged that the ALJ improperly discredited Dr. House's opinion of Plaintiff's "extreme limitations" as internally inconsistent with his opined GAF[1] score and that the ALJ improperly based his decision on his "biased" opinion that anyone with limitations as extreme as those opined to by Dr. House "would likely be institutionalized[.]" (Doc. 14, pp. 13-14; *see* AR 21.) The Commissioner contended that the ALJ properly considered the medical evidence as a whole and discounted Dr. House's opinion as inconsistent internally and with the overall medical records, and that the ALJ did not impermissibly rely on "personal bias" in reaching his decision. (Doc. 18, p. 10-11.)

Following the Court's order, the Commissioner filed a Rule 59(e) motion to alter or amend the judgment arguing the Court erred in considering the ALJ's findings and by failing to follow the standard of review and improperly reweighing evidence. (Doc. 25.) Plaintiff has filed an opposition. (Doc. 27.)

//

//

---

[1] Global Assessment of Functioning (GAF) scale score is a numeric scale (1 through 100) used by mental health clinicians and physicians to rate subjectively the social, occupational, and psychological functioning of adults. DSM-IV-TR at 34.

### III. LEGAL STANDARD

Parties seeking reconsideration should demonstrate "new or different facts or circumstances [which] are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." E.D. Cal. L. R. 230(j); *see United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) (reconsideration appropriate for a change in the controlling law, facts, or other circumstances; a need to correct a clear error; or a need to prevent manifest injustice); *Gordon v. Astrue*, No. 2:10-CV-1198-GGH, 2011 WL 5041217 at *1 (E.D. Cal. Oct. 24, 2011) ("[D]ecisions on legal issues made in a case should be followed unless there is substantially different evidence[, ] new controlling authority, or the prior decision was clearly erroneous and would result in injustice.") (internal quotation omitted). "To succeed [on a Rule 59(e) motion], a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *United States v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2011).

"While Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources . . . A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll v. Nakatani*, 342 F.3d 943, 945 (9th Cir. 2003) (internal citation omitted); *see also McQuillion v. Duncan*, 342 F.3d 1012, 1013 (9th Cir. 2003); *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc) (a Rule 59(e) motion "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law.") (internal quotations omitted).

"A motion for reconsideration may not be used to get a second bite at the apple." *Campion v. Old Repub. Home Protection Co., Inc.*, No. 09-CV-00748-JMA(NLS), 2011 WL 1935967, at *1 (S.D. Cal. May 20, 2011). The purpose of Rule 59(e) is *not* to "give an unhappy litigant one additional chance to sway the judge. [A]rguments and evidence [that] were previously carefully considered by the Court, [ ] do not provide a basis for amending the judgment." *Kilgore v. Colvin*,

No. 2:12-CV-1792-CKD, 2013 WL 5425313 at *1 (E.D. Cal. Sept. 27. 2013) (internal quotations omitted). It is not a method by which to raise arguments or present evidence for the first time when they could reasonably have been raised earlier, *see School Dist. No. 1J, Multnomah County, Or. v. AC and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993), or to reargue an issue, *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 899 (9th Cir. 2001).

"Mere doubts or disagreement about the wisdom of a prior decision" is insufficient to warrant granting a Rule 59(e) motion. *Campion*, 2011 WL 1935967 at *1 (quoting *Hopwood v. Texas*, 236 F.3d 256, 273 (5th Cir. 2000)). For a decision to be considered "clearly erroneous" it must be "more than just maybe or probably wrong; it must be dead wrong." *Id.* A "movant must demonstrate a 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Id.* (quoting *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)).

### IV.   ANALYSIS

In her Rule 59(e) motion, the Commissioner does not present new law or facts as a basis for altering the Court's judgment. Instead, the Commissioner contends the Court made an error of law in affirming the ALJ's decision. (Doc. 25, 2-13.) The thrust of the Commissioner's motion reasserts the arguments from her opposition brief -- that "the ALJ in this case provided legally sufficient reasons for discounting the opinion of Dr. House." (Doc. 25, p. 3 (citing Doc. 16 (Defendant's opposition brief).) This argument is without merit. The Court found that the ALJ committed *legal error* by failing to provide legitimate reasons for rejecting treating physician Dr. House's opinion on the basis of a single GAF score and by relying on his own opinion as to the extent of Plaintiff's impairment and functionality. (*See* Doc. 21, pp. 22-26.)

In considering the Commissioner's argument[2] that the ALJ provided legally sufficient reasons for discounting Dr. House's medical opinion, the Court observed that "[t]he ALJ cited *no* specific medical evidence contradicting Dr. House's findings, but instead generally discounted the full extent of limitations opined by Dr. House as unsupported by the GAF score." (Doc. 21, pp. 23-24.) While "the ALJ was permitted to consider the GAF score in his reasoning, *see Rollins*

---

[2] The court will not exhaustively repeat the substance of its March 19, 2015, order, and refers the parties to that order for details as to the Court's earlier findings and holdings.

4

*v. Massanri*, 261 F.3d 853, 857 (9th Cir. 2001), he was not permitted to 'rely on [the GAF] score alone. No single piece of information taken in isolation can establish whether [a claimant has] a "marked" or "extreme" limitation in a domain.' 20 CFR § 416.926a(e)(4)(i)." (Doc. 21, p. 25.) In making this finding, the Court relied on the Commissioner's own published guidance that "the GAF scale . . . does not have a direct correlation to the severity requirements in the Agency's mental disorder listings." (Doc. 21, pp. 24-25 (citing 65 Fed. Reg. 50764).)

The Court also considered the Commissioner's contention that the ALJ did not impermissibly rely on his own layperson opinion in stating that "[a] person with such extreme limitations [as those opined to by Dr. House] would likely be institutionalized and unable to function at all[.]" (AR 21.) The Court observed that the ALJ "did not point to any medical evidence to support his opinion." (Doc. 21, p. 26.) While an ALJ "may rely, in part, on his own observations, they *cannot* be used as a substitute for medical diagnosis. [Citation omitted]." (Doc. 21, p. 26.) Because the ALJ predicated his rejection of Dr. House's medical opinion, in part, on his own lay opinion of the limitations imposed by Plaintiff's mental impairment, the Court determined that the ALJ erred in rejecting Dr. House's opinion.

The Commissioner repeats the same arguments made in her cross-motion for summary judgment, citing the same authorities and highlighting the same evidence. This "second bite at the apple" is the precise situation that is not permitted by a Rule 59(e) motion. *Campion*, 2011 WL 1935967, at *1 ("A motion for reconsideration may not be used to get a second bite at the apple."). Those arguments and evidence were previously considered by the Court, and do not provide a basis for amending the judgment. *Canas*, 92 F.R.D. at 390 ("Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge"). Absent a showing of clear error – which is "more than just maybe or probably wrong; it must be dead wrong" – there is no basis for Rule 59(e) motion. *Campion*, 2011 WL 1935967, at *1. The Commissioner has not demonstrated anything approaching a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Id.*

The Commissioner further argues that, even if the Court is not prepared to affirm the ALJ's decision, it should remand this case for further proceedings instead of awarding benefits.

5

(Doc. 25, pp. 8-13.) However, where the ALJ fails to provide adequate reasons for rejecting the opinion of a treating physician, the opinion is credited as a matter of law. *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). *See also Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)) (evidence should be credited and an immediate award directed where (1) the ALJ failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited).

The Commissioner has failed to show clear error in the Court's order crediting Dr. House's opinion as true and remanding for award of benefits. Pursuant to the *Smolen* factors, the Court determined that remand for an award of benefits was legally proper. As discussed above, the ALJ failed to provide legally sufficient reasons for rejecting Dr. House's opinion. The fully developed "record establishe[d] that Plaintiff's [mental impairment] is more than a slight abnormality with a minimal effect on Plaintiff's ability to work – Plaintiff's [mental impairment] is a persistent and serious condition which Plaintiff's treating physicians believed was both severe and disabling." (Doc. 21, p. 28.)

Finally, "no useful purpose would be served by further administrative proceedings," *Varney v. Sec'y of Health and Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), and the ALJ already had the opportunity to evaluate the substantive impact of crediting Dr. House's opinion as true (Doc. 21, p. 29). During the hearing, the VE was asked if an individual with the limitations opined to by Dr. House would be able to work and the VE testified that such an individual would *not* be able to perform *any* job. (Doc. 21, p. 29 (citing AR 68-69).) "Thus, if Dr. House's opinion as to Plaintiff's limitations were credited-as-true, the VE's testimony would establish that Plaintiff is unable to work." (Doc. 21, pp. 29-30 (citing *Varney*, 859 F.2d at 1401; *Gallant v. Heckler*, 753 F.2d 1450, 1457 (9th Cir. 1984).)

"The record is fully developed and, considering the evidence that the ALJ improperly discredited, a finding of disability is required." (Doc. 21, p. 30.) Contrary to the Commissioner's hyperbole, the record as a whole creates *no* "serious doubt" that Plaintiff is disabled. (Doc. 25,

1  p. 10.)  Even if the "credit as true" rule is not mandatory, *see Connett v. Barnhart*, 340 F.3d 871,
2  876 (9th Cir. 2003), the Court finds that its application is warranted in this case where the record
3  has been sufficiently developed and further administrative proceedings would serve no useful
4  purpose.
5         In sum, the Commissioner's argument fails to show clear error in the Court's prior order.
6  The Commissioner merely reiterates what was already presented in her opposition brief, hoping
7  for a different outcome on reconsideration.  The fact that the Commissioner is disappointed with
8  the Court's decision and seeks "one additional chance to sway the [Court]" by asking the Court to
9  re-consider "arguments and evidence [that] were previously carefully considered by the Court," is
10 not enough to "provide a basis for amending the judgment."  *Kilgore*, 2013 WL 5425313 at *1;
11 *see also United States v. Rezzonico*, 32 F.Supp.2d   1112, 1116 (D. Az. 1998) (a motion for
12 reconsideration "should not be used to ask the court to rethink what the court has already though
13 through – rightly or wrongly") (internal citations and quotations omitted).
14        Because the Commissioner "'has brought up nothing new -- except h[er] displeasure -- this
15 Court has no proper basis upon which to alter or amend the order previously entered.  The
16 judgment may indeed be based upon an erroneous view of the law, but if so, the proper recourse is
17 appeal -- not reargument.'"  *Kilgore*, 2013 WL 5425313 at *2 (quoting *Frito-Lay of Puerto Rico,*
18 *Inc. v. Canas*, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981)); *Gordon*, 2011 WL 5041217 at *2
19 (quoting *Frito-Lay*, 92 F.R.D. at 390).

### V.   CONCLUSION

21        For the reasons set forth above, it is hereby ordered that the Commissioner's motion to
22 alter or amend the judgment is DENIED.

IT IS SO ORDERED.

   Dated:   **June 26, 2015**                    /s/ Sheila K. Oberto
                                          UNITED STATES MAGISTRATE JUDGE