# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAX SHELDON MARGULIS, | Case No. 1:13-cv-2021-SKO |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT** |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | (Doc. 32) |
| Defendant. | |

After successfully obtaining reversal of an Administrative Law Judge's ("ALJ") decision denying his application for Social Security disability benefits, Plaintiff filed an application for an award of attorney fees and costs pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $10,619. (*See* Doc. 32, pp. 9-10 (representing a contingency fee based on 25% of Plaintiff's past due benefits as remuneration for 30.9 hours of attorney time and 5.0 hours of paralegal time spent representing Plaintiff, and an additional $26.34 in expenses).) On June 17, 2016, the Court ordered Defendant's opposition, if any, to be filed by no later than June 29, 2016. (Doc. 34.) No opposition has been filed; therefore, the motion is deemed unopposed. For the reasons set forth below, Plaintiff's application for EAJA fees and expenses is GRANTED.

## I. BACKGROUND

Plaintiff filed this action on December 11, 2013, seeking judicial review of a final administrative decision denying his application for Social Security disability benefits. On March 9, 2015, the Court issued an order reversing the ALJ's decision and remanding the case for award

or benefits based on the ALJ's failure to articulate specific and legitimate reasons for rejecting the medical opinion of Plaintiff's treating physician. (Doc. 21.) On March 27, 2015, Defendant filed a motion for reconsideration, contending the Court erred in considering the ALJ's findings and by failing to follow the standard of review and improperly reweighing evidence. (Doc. 25.) On June 29, 2015, the Court denied Defendant's motion for reconsideration, again finding the ALJ failed to provide adequate reasons for rejecting the opinion of Plaintiff's treating physician and noting that the opinion must be credited as a matter of law. (Doc. 28, p. 6 (citing *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004); *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

On June 13, 2016, Plaintiff filed a motion for EAJA fees and expenses, seeking (1) an interim EAJA fee award of $10,916, representing 25% of Plaintiff's past-due benefits under the contingency fee agreement, (2) an order that Plaintiff's counsel reimburse Plaintiff in the amount of $ 6,900 for EAJA fees previously paid by the Commissioner, and (3) leave to file a motion pursuant to 42 U.S.C. § 406(b) motion upon calculation of benefits under Title II of the Social Security Act for work performed before the Court. (Doc. 32.) No opposition was filed. It is Plaintiff's motion for attorney fees and expenses under the EAJA that is currently pending before the Court.

## II.   LEGAL STANDARD

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). "It is the government's burden to show that its position was substantially justified or that special circumstances exist to make an award unjust." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).

A "party" under the EAJA is defined as including "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed[.]" 28 U.S.C. § 2412(d)(2)(B)(i). The term "fees and other expenses" includes "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A).

"The statute explicitly permits the court, in its discretion, to reduce the amount awarded to the prevailing party to the extent that the party 'unduly and unreasonably protracted' the final resolution of the case." *Atkins v. Apfel*, 154 F.3d 986, 987 (9th Cir.1998) (citing 28 U.S.C. §§ 2412(d)(1)(C) & 2412(d)(2)(D)).

A party who obtains a remand in a Social Security case is a prevailing party for purposes of the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993) ("No holding of this Court has ever denied prevailing-party status . . . to a plaintiff who won a remand order pursuant to sentence four of § 405(g) . . . , which terminates the litigation with victory for the plaintiff"). "An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded." *Gutierrez*, 274 F.3d at 1257.

### III.   ANALYSIS

There is no dispute Plaintiff is the prevailing party in this litigation. The Court finds Plaintiff did not unduly delay this litigation, and Plaintiff's net worth did not exceed two million dollars when this action was filed. The Court thus considers below whether the government's actions were substantially justified.

**A.   The Government's Position was Not Substantially Justified**

Substantial justification means "justified in substance or in the main -- that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks and citation omitted). In other words, the government's position must have a reasonable basis both in fact and in law. *Id.* In considering whether the position of the government is substantially justified, the position of the United States includes "both the government's litigation position and the underlying agency action giving rise to the civil action." *Meier v Colvin*, 727 F.3d 867, 870 (9th Cir. 2013).

In the social security context, it is the ALJ's decision that is considered the "action or failure to act" by the agency. *Id.* Under the substantial justification test, the court first considers the ALJ's decision and then considers the government's litigation position in defending that decision. *Id.* Where the underlying ALJ decision is not substantially justified, a court need not

3

address whether the government's litigation position was justified. *Id.* at 872 (citing *Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008) ("The government's position must be substantially justified at each stage of the proceedings" (internal quotation marks and citation omitted)).

Pursuant to *Meier*, determining whether the agency's position was substantially justified requires first examining the ALJ's decision for substantial justification. 727 F.3d at 870. Here, the Court found that the ALJ committed legal error by failing to provide legitimate reasons for rejecting Plaintiff's treating physician's opinion on the basis of a single Global Assessment of Functioning[1] scale score and by relying on his own opinion as to the extent of Plaintiff's impairment and functionality. (Docs. 21, 28.) As the Court discussed in its orders remanding for an award of benefits and denying Defendant's motion for reconsideration, "where the ALJ fails to provide adequate reasons for rejecting the opinion of a treating physician, the opinion is credited as a matter of law." (Doc. 28.) An ALJ's failure to correctly evaluate medical opinion evidence and rendering of a decision that is not supported by substantial evidence are the types of fundamental agency errors that are difficult to consider substantially justified. *Thangaraja v. Gonzales*, 428 F.3d at 870, 874 (9th Cir. 2007) ("holding that the agency's decision . . . was unsupported by substantial evidence is . . . a strong indication that the 'position of the United States' . . . was not substantially justified"); *see also Sampson v. Chater*, 103 F.3d 918, 921-22 (9th Cir. 1996) (ALJ's failure to make necessary inquiries of the unrepresented claimant and his mother in determining onset date, as well as disregard of substantial evidence establishing the same was not substantially justified).

That the Commissioner believed her litigation position before the Court was substantially justified does not vitiate the error at the administrative level. *Williams v.* Bowen, 966 F.2d 1259, 1261 (9th Cir. 1991) (government's position must be "substantially justified" at "each stage of the proceedings"). The Commissioner has not satisfied her burden to show the government's position was substantially justified at each stage of the proceedings.

In sum, Plaintiff is entitled to attorney fees and expenses under the EAJA.

---

[1] Global Assessment of Functioning (GAF) scale score is a numeric scale (1 through 100) used by mental health clinicians and physicians to rate subjectively the social, occupational, and psychological functioning of adults. Diagnostic and Statistical Manual of Mental Disorders IV, American Psychiatric Association (4th ed. 2000) at 34.

**B.     The Hours Expended by Plaintiff's Counsel are Reasonable**

Plaintiff seeks a total award of $10,619, representing 25% of his past due benefits award pursuant to his contingency fee agreement, as reimbursement for 30.9 hours of attorney time and 5.0 hours of paralegal time spent on his legal representation through remand. (Doc. 32; *see* Doc. 32-1 (contingency fee agreement).) Defendant has not opposed this request. (*See generally*, Docket.)

The EAJA provides for an award of "reasonable" attorney fees. 28 U.S.C. § 2412(d)(2)(A). By statute, hourly rates for attorney fees under EAJA are capped at $125 per hour, but district courts are permitted to adjust the rate to compensate for increases in the cost of living.[2] 28 U.S.C. § 2412(d)(2)(A); *Sorenson v. Mink*, 239 F.3d 1140, 1147-49 (9th Cir. 2001); *Atkins*, 154 F.3d at 987. Determining a reasonable fee "requires more inquiry by a district court than finding the 'product of reasonable hours times a reasonable rate.'" *Atkins*, 154 F.3d 988 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). The district court must consider "the relationship between the amount of the fee awarded and the results obtained." *Id*. at 989.

Here, Plaintiff's attorney obtained an order reversing the ALJ's determination and remanding for award of benefits, which is a good outcome for Plaintiff. (Docs. 21, 28.) Plaintiff's attorney has 2 years of experience in disability litigation under the Social Security Act. (Doc. 32, p. 10.) There is no indication that a reduction of the award is warranted due to any substandard performance by Plaintiff's counsel as counsel secured a successful result for Plaintiff. There is also no evidence that Plaintiff's counsel engaged in any dilatory conduct resulting in delay.

The claimed total of 35.9 attorney and paralegal hours represents a reasonable amount of time for an attorney to expend on this particular matter, *see, e.g., Vallejo v. Astrue*, No. 2:09-cv-3088 KJN, 2011 WL 4383636, at *4 (E.D. Cal. Sept. 20, 2011) (declining to "conduct a line-by-line analysis" of billing entries to determine all 62.6 hours of attorney time spent on the litigation

---

[2]  Pursuant to *Thangaraja*, 428 F.3d at 876-77 and the Ninth Circuit Rule 39-1.6, the Ninth Circuit maintains a list of the statutory maximum hourly rates authorized under the EAJA, as adjusted annually to incorporate increases in the cost of living.  The rates are found on that court's website:  http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039.  Plaintiff requests an hourly rate of $189.78 for attorney work and $137.00 for paralegal work performed from October 2013 through August 2015. These rates are consistent with the statutory maximum rates as set forth by the Ninth Circuit.

5

were justified), and are well within the limit of what would be considered a reasonable amount of time spent on this action when compared to the time devoted to similar tasks by counsel in like Social Security appeals before this court, *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (noting "[m]any district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases") (citing *Patterson v. Apfel*, 99 F.Supp.2d 1212, 1214 n.2 (C.D. Cal. 2000) (collecting district court cases)); *see also Thompson v. Colvin*, No. 2:12-cv-01850-AC, 2015 WL 1767733, at *2 (E.D. Cal. Apr. 16, 2015) (finding 63.4 hours to be reasonable); *Boulanger v. Astrue*, 2:07-cv-0849-DAD, 2011 WL 4971890, at *2 (E.D. Cal. Oct. 19, 2011) (finding 58 hours to be a reasonable amount of time); *Valleyjo v. Astrue*, No. 2:09-cv-03088 KJN, 2011 WL 4383636, at *5 (E.D. Cal. Sept. 20, 2011) (finding 62.1 hours to be reasonable).

Plaintiff will be awarded EAJA fees for 30.9 total attorney hours and 5.0 total paralegal hours for time spent on the litigation, for a total EAJA award in the amount of $10,619.  Less the $6,900 awarded pursuant to the parties EAJA stipulation (*see* Doc. 30), Plaintiff will be awarded a further EAJA award of $3,719.

### IV.   CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for EAJA fees and expenses is GRANTED in the amount of $ 10,619, representing 25% of the past-due benefits award; and

2. Plaintiff's counsel is ORDERED to reimburse Plaintiff $6,900 for EAJA fees previously paid.

IT IS SO ORDERED.

Dated:   **July 19, 2016**                              /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE